IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| GWENDOLYN NORWOOD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 12-cv-02373-JPM-tmp |
| TRAVELERS, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

---

**REPORT AND RECOMMENDATION**

---

Before the court by order of reference is defendant Travelers Personal Security Insurance Company's ("Travelers"), improperly sued as Travelers, Motion to Dismiss the Bad Faith Claim, filed on February 14, 2013. (ECF No. 23.) Plaintiff Gwendolyn Norwood ("Norwood"), who is *pro se*, did not file a response, despite being ordered to do so by the court in its Order to Show Cause entered on April 3, 2013.[1] (ECF No. 25.)

For the reasons below, it is recommended that Travelers's motion be granted.

### I. PROPOSED FINDINGS OF FACT

Norwood is a resident of Tennessee and owns a single-family

---

[1] At the time the complaint was filed, Norwood was represented by counsel. On March 19, 2012, Norwood's attorneys filed a motion to withdraw as counsel. (ECF No. 8.) That motion was granted on March 26, 2012. (ECF No. 10.) Norwood has not retained counsel in the interim.

residence located at 10 W. Norwood in Memphis, Tennessee.[2] Travelers is an insurance company, incorporated in Connecticut, with its principle place of business in Hartford, Connecticut. On April 14, 2010, Travelers issued Norwood an insurance policy covering loss due to damage by fire to Norwood's residence. The policy provided recovery up to $104,000.00 for damage to the dwelling, and varying amounts for additional damage to other structures, personal property, and for loss of use. On December 27, 2010, during the applicable policy period, a fire destroyed Norwood's residence.[3] Subsequently, Norwood filed an insurance claim with Travelers to recover for the loss she incurred as a result of the fire. On January 10, 2011, Travelers acknowledged receipt of Norwood's insurance claim. To date, Travelers has not paid Norwood any money pursuant to the claim she filed following the December 27 fire.

On April 9, 2012, Norwood filed a complaint in the Circuit Court of Tennessee for the Thirteenth District. Travelers removed the case to the District Court for the Western District of Tennessee on May 14, 2012, on the basis of diversity. The

---

[2] Whether Norwood was living in the residence at the time of the fire is in dispute.

[3] The cause of the fire is in dispute. Little information is provided in the complaint as to the cause of the fire. In its answer to Norwood's complaint, Travelers asserts a number of possible causes for the fire, including arson and conspiracy to commit arson.

complaint, styled "Complaint for Breach of Contract and Bad Faith; Damages," claims that Travelers breached the insurance contract by refusing payment under the policy. (Compl., ECF No. 1-2.) Norwood alleges that Travelers, "though repeatedly requested to do so, has failed and refused to pay to [her] the amount due to be paid under the terms of the policy." (Compl. ¶ 7.) Norwood further alleges that she had fully complied with the terms of the policy and paid all premiums as they had become due. (Compl. ¶ 5.) Norwood did not provide the dates on which she requested payment, nor the dates on which Travelers refused to pay. The only reference to bad faith appears in the title of the complaint.

## II. PROPOSED CONCLUSIONS OF LAW

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement showing that the pleader is entitled to relief. Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Id. (citing Twombly, 550 U.S. at 556). The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action . . . ." League of Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555-56); see also Wiggins v. Argent Mortg. Co., No. 11-cv-15118, 2013 WL 2034055, at *3 (E.D. Mich. May 14, 2013) (citing Bredesen, 500 F.3d at 527). "Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim." HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 611 (6th Cir. 2012) (citing Iqbal, 556 U.S. at 678). While plausibility requires relief to be more than speculative, it need not be probable; rather, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." Erie Cnty., Ohio v. Morton Salt, Inc., 702 F.3d 860, 867 (6th Cir. 2012) (quoting Twombly, 550 U.S. at 556) (internal quotation marks omitted).

In considering a motion to dismiss under Rule 12(b)(6), the court views the complaint in the light most favorable to the plaintiff, accepts the allegations as true, and draws all reasonable inferences in favor of the plaintiff. KSR Int'l Co. v. Delphi Auto. Sys., No. 12-2063, 2013 WL 1749336, at *1 (6th Cir. Apr. 23, 2013) (citing Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008)). "A legal conclusion couched as

a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." Handy-Clay v. City of Memphis, No. 10-2927-STA-tmp, 2013 WL 2948442, at *4 (W.D. Tenn. June 14, 2013) (quoting Hensley Mfg. v. ProPride, Inc., 579 F. 3d 603, 609 (6th Cir. 2009)) (internal quotation marks omitted); see also Infection Prevention Techs. v. UVAS, LLC, No. 10-cv-12371, 2011 WL 4360007, at *24 (S.D. Mich. July 25, 2011) report and recommendation adopted, No. 10-12371, 2011 WL 4360091 (E.D. Mich. Sept. 19, 2011) ("[Plaintiff] asserts that Defendants' 'actions were in bad faith, willful, wanton.' But these statements are pure legal conclusions insufficient to state a claim upon which relief may be granted.") (internal citations omitted). Therefore, "to state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Boland v. Holder, 682 F.3d 531, 534–35 (6th Cir. 2012) (quoting Bredesen, 500 F.3d at 527) (internal quotation marks omitted).

Under Tennessee law, insurance carriers who fail to promptly pay claims may be subject to an additional penalty.[4] Specifically,

---

[4] Where the basis for jurisdiction in a federal court is party diversity, as it is in the instant case, the court must apply state substantive law and federal procedural law. TolTest, Inc. v. Purcell P & C, No. 3:12-cv-01821, 2013 WL 1571714, at *2 (N.D. Ohio Apr. 12, 2013); see also Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).

the Tennessee bad faith refusal to pay statute provides,

> The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that the failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided, further, that the additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

Tenn. Code Ann. § 56-7-105(a) (2008). Under Tennessee law, a plaintiff seeking statutory bad faith penalties must satisfy the following elements:

> (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days), and (4) the refusal to pay must not have been in good faith.

Bowery v. Berkshire Life Ins. Co., No. 3:11-CV-03, 2013 WL 1497339, at *9 (E.D. Tenn. Apr. 11, 2013) (citing Stooksbury v. Am. Nat'l Prop. & Cas. Co., 126 S.W.3d 505, 519 (Tenn. Ct. App. 2003)). Factual support for each of the four elements must be alleged for a complaint to survive a motion to dismiss. See Wilmington Plantation v. Fidelity Nat'l Title Ins. Co., No. 3:10-1218, 2011 WL

3293453, at *3 (M.D. Tenn. Aug. 1, 2011) report and recommendation adopted, No. 3:10-1218, 2011 WL 5117765 (M.D. Tenn. Oct. 27, 2011) ("Plaintiff must allege all statutory requirements to maintain a bad faith claim."). Conversely, if factual support for any one element is not sufficiently alleged, the complaint must be dismissed under Rule 12(b)(6).

Regarding the fourth element, plaintiffs may plead bad faith generally under Rule 9(b) since bad faith is a condition of the mind. See Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); see also Heil Co. v. Evanston Ins. Co., No. 1:05-cv-284, 2008 WL 901300, at *6 (E.D. Tenn. Apr. 2, 2008) ("[I]n any event bad faith as a condition of the mind may be generally alleged."). As stated above, however, it is insufficient to simply allege "the defendants acted in bad faith," because that allegation, without more, is a legal conclusion. See Infection Prevention, 2011 WL 4360007, at *24. Instead, a complaint must contain sufficient factual content to allow the court to draw the reasonable inference that the refusal to pay was not in good faith. On several occasions, courts within the Sixth Circuit have examined the issue of whether a complaint has sufficiently alleged that the defendant's refusal to pay was not in good faith. For example, in First Horizon Nat'l Corp. v. Certain Underwriters at Lloyd's, No. 11-2608, 2012 WL 3991254 (W.D. Tenn. Sept. 11, 2012), the court granted plaintiffs'

motion to amend the complaint to add a claim against the defendants for bad faith refusal to honor their obligations under several insurance policies. Id. at *1. The defendants opposed the motion to amend on the grounds that the amendment was futile because the bad faith claim would not survive a Rule 12(b)(6) motion to dismiss. The court concluded that the plaintiff had sufficiently plead direct or inferential facts to support each element of Tenn. Code Ann. § 56-7-105, including allegations that the defendants wrongfully relied on exclusion provisions in the policies and defendants never directly responded to plaintiffs' explanations that "there was no substantial or sound legal basis for invoking [the] exclusion to preclude coverage." Id. at *5. Similarly, the court in America's Collectibles Network v. Chase Paymentec Solutions, No. 3:07-CV-278, 2008 WL 4546251 (E.D. Tenn. Sept. 24, 2008), denied a Rule 12(b)(6) motion where the plaintiff alleged the defendant failed to review materials establishing that the plaintiff was entitled to coverage. Id. at *15. The court reasoned that the allegation suggested that the defendant, without further investigation, denied coverage to the plaintiff despite information indicating the plaintiff was entitled to coverage. Id. The court found this allegation sufficient to plead a lack of good faith in denying coverage. Id. In Heil, 2008 WL 901300, the court granted a plaintiff leave to amend its complaint to add a statutory bad faith claim when the proposed amendment alleged the defendant

-8-

proffered an interpretation of a condition in the insurance policy as an excuse to avoid payment. Id. at *6. Further, the proposed amendment alleged the defendant refused to pay despite knowing it was obligated under the terms of the policy to do so. Id. The court found these allegations "certainly sufficient to make out an allegation of bad faith." Id.

Based on the pleadings, it is clear that Norwood's complaint lacks facts sufficient to support the third and fourth elements of a statutory bad faith claim.[5] Regarding the third element, Norwood has failed to allege any facts whatsoever that indicate either that she waited sixty days to file her complaint or that Travelers refused to pay under the policy during the sixty-day period. In her complaint filed on April 9, 2012, Norwood provides only the date of the fire (December 27, 2010) and the date Travelers acknowledged receipt of her claim for fire loss and damage (January 10, 2011). No other dates are provided. See Taylor v. Standard Ins. Co., No 08-2585 V, 2009 WL 113457, at *6 (W.D. Tenn. Jan. 13, 2009) (identifying plaintiff's "fail[ure] to allege the date she made a demand for payment . . . and the passage of sixty days from the date of the demand" as one of several reasons to dismiss the complaint). Thus, the court submits Norwood failed to plead either direct or inferential allegations respecting the third element of

---

[5]Based on this conclusion, the court need not address whether the complaint alleges facts sufficient to meet the other elements of a bad faith claim.

a statutory bad faith claim.

Regarding the fourth element, Norwood's complaint lacks any allegation that Travelers's refusal to pay was not in good faith. In fact, the only reference to any concept relating to bad faith appears in the title of the complaint. As a result, the only allegation Norwood has to support her bad faith action is that Travelers has not paid her claim. However, mere denial of an insurance claim is insufficient to support an allegation of bad faith. See Bowery, 2013 WL 1497339, at *9 (citing Sisk v. Valley Forge Ins. Co., 640 S.W.2d 844, 852 (Tenn. Ct. App. 1982)) ("The bad faith penalty statute is not recoverable in every refusal of an insurance company to pay a loss."). Thus, the court submits that Norwood's complaint has failed to sufficiently plead the fourth element of a bad faith claim. As a result, because Norwood's complaint, taken as a whole, fails to state a claim under Tenn. Code Ann. § 56-7-105(a), it is recommended that the bad faith claim be dismissed.

### III. RECOMMENDATION

For the reasons above, it is recommended that Travelers's motion to dismiss the bad faith claim be granted.[6]

---

[6]Because Norwood did not respond to the motion to dismiss, she has not requested leave of court to amend her complaint to address these deficiencies. The court submits that leave to amend is not warranted under these circumstances. See Ali v. Univ. of Mich. Health Sys. - Risk Mgmt., No. 12-2131, 2013 WL 2986997, at *1 (6th Cir. June 18, 2013) (quoting Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1042 (6th Cir. 1991)) ("[A] district

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 16, 2013
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought.") (internal quotation marks omitted); Atkinson v. Morgan Asset Mgmt., 658 F.3d 549, 556 (6th Cir. 2011) ("Plaintiffs having failed to present the issue of amendment, we discern no abuse of discretion in the district court's decision to dismiss their claims with prejudice."); CNH Am. v. UAW, 645 F.3d 785, 795 (6th Cir. 2011) ("[I]f a party does not file a motion to amend or
a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice."). But see Brown v. Matauszak, 415 F. App'x 608 (6th Cir. 2011) (remanding case to provide *pro se* prisoner plaintiff an opportunity to amend a factually deficient complaint dismissed under Rule 12(b)(6)).

-11-