IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| GWENDOLYN NORWOOD, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | Civil No. 12-2373-JPM/tmp |
| TRAVELERS, | ) | |
| Defendant. | ) | |

---

**REPORT AND RECOMMENDATION**

---

Before the court by order of reference is Defendant Travelers Personal Security Insurance Company's Motion for Summary Judgment, filed on June 12, 2013. (ECF No. 28.) Plaintiff Gwendolyn Norwood ("Norwood") did not timely respond to the Motion for Summary Judgment. As a result, on July 16, 2013, an Order to Show Cause was entered giving Norwood twenty (20) days to respond to the Motion for Summary Judgment. Norwood was warned that if she failed to respond, the court would decide the motion based solely on the brief filed by Defendant Travelers Personal Security Insurance Company ("Travelers"). To date, no response has been filed by Norwood and the time for doing so has expired. For the following reasons, it is recommended that the motion be granted.

### I. PROPOSED FINDINGS OF FACT

The present matter arises out of a fire loss that occurred on

December 27, 2010, at a home located at 10 W. Norwood, Memphis, Tennessee ("the property"). This property was owned by Norwood. On April 6, 2010, the property was deeded to Norwood and on April 14, 2010, she applied for insurance with Travelers. Through the application process, Norwood indicated that her mailing address was 10 W. Norwood Avenue, Memphis, Tennessee, and that the property was her primary residence. She further stated that she lived at the residence and that the property used central gas as its primary heating source. The application was signed and dated by Norwood.

Following the December 27 fire, Travelers undertook an investigation into the loss. As part of its investigation, Travelers hired an origin and cause expert, Chris Baker, to investigate the fire. Baker discovered that there was no gas or electrical service connected to the property at the time of the fire loss. He further learned that the home was vacant and unoccupied at the time of loss with only a few contents sporadically placed throughout the house. The water heater and kitchen sink were missing. Baker located two separate and distinct areas of origin in the north room and northeast bedroom of the structure. He also located a plastic container on the southeast exterior area of the structure that tested positive for gasoline. Baker concluded based upon his investigation that evidence indicated there was human involvement in the ignition of the fire. As such, Baker classified the fire as incendiary. The Memphis Fire

Marshal additionally ruled the cause of the fire to be arson.

Travelers additionally took the recorded statement of Norwood on January 21, 2011. During the recorded statement, Travelers learned that at the time of the application, Norwood was not residing in the home, was not using it as her primary residence, and that the home did not have a central heating system.

As part of its investigation, Travelers requested and received utility records for the property during the time preceding the fire. These records revealed that no water or gas was used at the property between November 8, 2010, and November 17, 2010, when the meter was read. The meter was read again on December 17, 2010, showing no gas or water usage at the property.

Based upon its investigation, Travelers rescinded the policy of insurance issued to Norwood by letter dated February 15, 2011, concluding that material misrepresentations were made in the application for insurance. This determination was reiterated and clarified by letter sent to Norwood dated March 21, 2011. According to Travelers (as set forth in the affidavit of Gary Hafner), had this information been disclosed to Travelers, the policy would not have been written and lack of that information increased the risk of loss to Travelers.

Travelers argues that summary judgment is proper because Norwood made material misrepresentations in the application for insurance that increased the risk of loss for Travelers resulting

in the policy being void at its inception. Travelers also contends that the damage in this case was excluded from the policy's protections because of the policy's vandalism and malicious mischief exclusion clause.

## II. PROPOSED CONCLUSIONS OF LAW

### A. Misrepresentations in the Application Void the Policy From Inception.

Tennessee law authorizes an insurance company to deny a claim if the insured obtains the policy after misrepresenting a matter that increased the company's risk of loss. Tenn. Code Ann. § 56-7-103. From an underwriting standpoint in Tennessee, a misrepresentation in an application does not need to rise to the level of a showing that the insurance would not have been written at all, but only that this is information that would have required further investigation or would have affected the judgment of the underwriter. Smith v. Tennessee Farmers Life Reassurance Co., 210 S.W.3d 584, 590 (Tenn. Ct. App. 2006). The relevant inquiry is whether the misrepresentation increased the insurance company's risk of loss. Id. at 590-91. A misrepresentation made in an application for insurance increases the risk of loss when it is of such importance that it naturally and reasonably influences the judgment of the insurer in making the contract. Vermont Mut. Ins. Co. v. Chiu, 21 S.W.3d 232, 235 (Tenn. Ct. App. 2000) (citing Loyd v. Farmers Mut. Fire Ins. Co., 838 S.W.2d 542, 545 (Tenn. Ct. App. 1992)). It is not necessary to find that the policy would not have

been issued if the truth had been disclosed. <u>Id.</u> It is sufficient that the insurer was denied information which it sought in good faith and which was deemed necessary to an honest appraisal of insurability. <u>Id.</u>

1. <u>Norwood's misrepresentation regarding use of the home voids the policy from inception.</u>

According to Travelers, an unoccupied home increases an insurer's risk of loss compared with an occupied home. Such misrepresentations that increase the risk of loss give the insurer the right to decline to pay benefits under the policy pursuant to Tenn. Code Ann. § 56-7-103. Norwood was issued a warranty deed for this property on or about April 6, 2010. Shortly afterwards, Norwood applied for homeowners' insurance with Travelers on April 14, 2010. She stated in the application that her mailing address was 10 W. Norwood Avenue, Memphis, Shelby County, Tennessee 3819-2337. Norwood also stated that this property would be her primary residence. Norwood signed and dated this application on April 14, 2010, at 1:34 p.m., stating that she read the application, and declaring that the information was true, complete, and correct to the best of her knowledge and belief.

It is undisputed that Norwood did not reside in the property at the time of the application nor at the time of the fire loss that occurred December 27, 2010. Norwood stated in a recorded statement given on January 21, 2011, that she was not living at the residence at the time of the loss. Norwood admitted she was

-5-

residing at 1911 Tower Drive, Apartment 22 at the time of the fire loss. Because Norwood has not responded to Travelers's motion, it is undisputed that her misrepresentation increased the risk of loss to Travelers.

Additionally, Norwood represented in her application for insurance that the home was her primary residence. Norwood did not use this property, however, as her primary residence as she had been living at the 1911 Tower Drive with her husband as set forth above. In her statement, she indicated that she moved to another residence located at 712 E. McKellar Avenue in Memphis, Tennessee 38106, in the month before the fire loss, in addition to residing at 1911 Tower Drive. There is no evidence that anyone lived at the property or considered it a primary place of residence. The utility bill from Memphis Light Gas & Water dated November 18, 2010, showed two readings on November 8 and 17 that indicated no usage for gas or water during this time period. The utility bill dated December 17, 2010, showed that no gas consumption was indicated on the reading made on December 17, 2010, and showed a usage of only three (3) units for electricity during this period. Again, because Norwood has not filed a response to the motion, it is undisputed that she misrepresented in her application for insurance that the home was her primary residence. According to Travelers, these misrepresentations as to the occupancy and use of the home increased the risk of loss because an unoccupied home is

more susceptible to damage, break-ins, and other perils that increase the risk to the insurer. (Affidavit of G. Hafner, ¶ 6-7). The court finds that Travelers properly rescinded the policy issued to Norwood and denied coverage for the fire loss based on her misrepresentations regarding the use of her home.

  2. <u>Norwood's misrepresentation related to the existence of a central gas heating system voids the policy from inception.</u>

Norwood also stated in her application for insurance that the home contained a central gas heating system. In her statement, however, Norwood stated that she did not have a heater, and then she stated that it was not hooked up. Either way, Norwood did not have a heating source as indicated in the homeowner's application. This is a misrepresentation in the application. According to Travelers, a working heating source for the home is important for maintaining the condition of the home and making it habitable. The absence of a working heating source in the home particularly during the late fall and winter months increases the potential for the home falling in disrepair, thereby increasing the risk of loss. (Aff. G. Hafner ¶ 8). Because Norwood has not responded to the motion, it is undisputed that this was a material misrepresentation which increased the risk of loss to Travelers. Therefore, the court finds that Travelers properly rescinded the policy issued to Norwood and denied coverage for the fire loss based on the misrepresentation regarding the existence of a central gas heating

system.

**B. No Coverage Exists for Norwood's Loss Under the Vandalism Exclusion of the Policy.**

Most homeowner policies of insurance contain a provision that withdraws coverage where damage is caused by vandalism or malicious mischief where the property is vacant for a specified period of time preceding the loss. The present policy of insurance states in pertinent part:

**COVERAGE A - DWELLING AND COVERAGE B - OTHER STRUCTURES**

. . .

2. We do not insure, however, for loss:

   c. Caused by:

. . .

   (4) Vandalism and malicious mischief, and any ensuing loss caused by any intentional or wrongful act committed in the course of the vandalism or malicious mischief, if the dwelling has been vacant for more than 60 consecutive days immediately before the loss. Vacant means substantially empty of personal property necessary to sustain normal occupancy. A dwelling being constructed is not considered vacant.

As a general principle, "[t]he courts in Tennessee have long recognized that a vacancy clause in a fire policy is reasonable, valid and binding." Carroll v. Tennessee Farmers Mutual Ins. Co., 592 S.W.2d 894, 895 (Tenn. Ct. App. 1979) (citing Provident Washington Ins. Co. v. Reese, 373 S.W.2d 613 (Tenn. 1963)). As noted above, Norwood was not utilizing the premises as her primary

-8-

residence. The Memphis Light Gas & Water records indicate that there was no gas or water usage during the period of November 8, 2010 until the date of the loss. The investigation performed by Chris Baker shortly after the fire revealed that only a very few contents were in the home spread sporadically throughout the house. The water heater was missing and there was no kitchen sink. And while Norwood stated in her recorded statement that she and her husband initially moved into the property, she also stated that it was not livable due to the fact that the entire structure needed to be rewired. She further stated that they lived in two other locations during this period. Because she has not responded to the motion, it is undisputed that the home was damaged by fire after it sat vacant for a period of time in excess of sixty (60) days. It is also undisputed that the damage was caused by vandalism or malicious mischief. Therefore, the court finds that the damage claimed is excluded by the vandalism and malicious mischief exclusion of the policy.

### III. RECOMMENDATION

For the reasons above, the court recommends that Travelers's motion be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 19, 2013
Date

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**